**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **BLUE CROSS AND BLUE SHIELD OF ALABAMA; MUNICIPAL WORKERS COMPENSATION FUND, INC.,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**PFIZER, INC., WARNER-LAMBERT COMPANY LLC; WARNER-LAMBERT COMPANY; PARKE-DAVIS, A DIVISION OF WARNER-LAMBERT COMPANY AND WARNER-LAMBERT COMPANY LLC; DAVID LONGMIRE, et al.,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>**CIVIL ACTION NO.<br>2:06-CV-524-F** |

## ANSWER

Defendants Pfizer Inc. ("Pfizer"), Warner-Lambert Company LLC, Warner-Lambert Company, and Parke-Davis (collectively, "Defendants"), by their undersigned counsel, hereby answer Plaintiffs' Complaint in the above-captioned action (the "Complaint") as follows:

## INTRODUCTION

1.      Deny the allegations in paragraph 1, except admit that Neurontin® ("Neurontin") was approved as adjunctive therapy for the treatment of epilepsy and for the management of postherpetic neuralgia in adults.

2.      Paragraph 2 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 2.

3.      Deny the allegations in paragraph 3.

4.    Paragraph 4 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 4.

5.    Deny the allegations in paragraph 5.

6.    To the extent that paragraph 6 asserts a legal conclusion to which no response is required, Defendants deny the allegations in paragraph 6, and otherwise deny the allegations in paragraph 6.

7.    Deny the allegations in paragraph 7 and refer to the Complaint for its contents.

8.    Deny the allegations in paragraph 8.

9.    Deny the allegations in paragraph 9.

10.    Deny the allegations in paragraph 10 and refer to the Settlement Agreement for its contents.

11.    Deny the allegations in paragraph 11 and refer to the Assurance of Voluntary Compliance for its contents.

12.    To the extent that paragraph 12 asserts legal conclusions to which no response is required, Defendants deny the allegations in paragraph 12, and otherwise deny the allegations in paragraph 12.

## THE PARTIES

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny same.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny same.[1]

---

[1] Plaintiffs' Complaint is apparently misnumbered as it contains two paragraphs numbered 13.  In order to maintain consistent numbering, this Answer also contains two paragraphs numbered 13, responding to each paragraph labeled 13 by Plaintiffs in turn.

14.     Deny the allegations in paragraph 14, except admit that Pfizer is a foreign corporation organized under the laws of Delaware whose headquarters are at 235 East 42nd Street, New York, New York; admit that Pfizer is engaged in the manufacture and sale of pharmaceuticals, and admit that Pfizer is one of the largest pharmaceutical companies in the United States.

15.     Deny the allegations in paragraph 15, except admit that Warner-Lambert Company was a Delaware corporation; that prior to its acquisition Warner-Lambert Company was headquartered in New Jersey; that Warner Lambert Company received FDA approval to market Neurontin in the United States in 1993; and that Warner-Lambert Company marketed Neurontin in the United States until June 2000.

16.     Admit that defendant David Longmire is an individual, and otherwise deny knowledge or information sufficient to form a belief as to the truth of certain of the allegations in paragraph 16 relating to the residency of David Longmire, and therefore deny same; to the extent that paragraph 16 asserts a legal conclusion to which no response is required, Defendants deny the allegations in paragraph 16; and otherwise deny the allegations in paragraph 16.

## JURISDICTION AND VENUE

17.     Admit that plaintiffs purport to seek amounts in excess of the jurisdictional limits of this Court, and to the extent that paragraph 17 asserts a legal conclusion to which no response is required, Defendants deny the allegations in paragraph 17.

18.     Paragraph 18 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 18.

19.     Paragraph 19 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 19.

## FACTUAL ALLEGATIONS

20.     Admit the allegations in paragraph 20.

21.     Deny the allegations in paragraph 21, except admit that in December 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day; and admit that in May 2002 the FDA also approved Neurontin for the management of postherpetic neuralgia.

22.     Deny the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23 and refer to the patents for their contents.

24.     Deny the allegations in paragraph 24.

25.     Deny the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26 and refer to the referenced document for its contents.

27.     Deny the allegations in paragraph 27 and refer to the referenced documents for their contents.

28.     Deny the allegations in paragraph 28 and refer to the referenced documents for their contents.

29.     Deny the allegations in paragraph 29 and refer to the referenced document for its contents.

30.     Deny the allegations in paragraph 30 and refer to the referenced document for its contents.

31.     Deny the allegations in paragraph 31 and refer to the referenced documents for their contents.

32.    Deny the allegations in paragraph 32 and refer to the referenced document for its contents.

33.    Deny the allegations in paragraph 33 and refer to the referenced document for its contents.

34.    Deny the allegations in paragraph 34.

35.    Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.    Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

37.    Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.    Deny the allegations in paragraph 38.

39.    Deny the allegations in paragraph 39.

40.    Deny the allegations in paragraph 40.

41.    Deny the allegations in paragraph 41.

42.    Deny the allegations in paragraph 42.

43.    Deny the allegations in paragraph 43.

44.    Deny the allegations in paragraph 44.

45.    Deny the allegations in paragraph 45.

46.    Deny the allegations in paragraph 46, except deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label conditions and therefore deny same.

47.    Deny the allegations in paragraph 47.

48.    Deny the allegations in paragraph 48.

49.    Deny the allegations in paragraph 49.

50.    Deny the allegations in paragraph 50.

51.    Deny the allegations in paragraph 51.

52.    Deny the allegations in paragraph 52.

53.    Deny the allegations in paragraph 53.

54.    Deny the allegations in paragraph 54.

55.    Deny the allegations in paragraph 55.

56.    Deny the allegations in paragraph 56.

57.    Deny the allegations in paragraph 57.

58.    Deny the allegations in paragraph 58.

59.    Deny the allegations in paragraph 59.

60.    Deny the allegations in paragraph 60.

61.    Deny the allegations in paragraph 61 and refer to the referenced article for its

contents.

62.    Deny the allegations in paragraph 62.

63.    Deny the allegations in paragraph 63 and refer to the referenced draft for its

contents.

64.    Deny the allegations in paragraph 64 and refer to the referenced abstract for its

contents.

65.    Deny the allegations in paragraph 65 and refer to the citation published in the

Drugdex Drug Information System for its contents.

66.    Deny the allegations in paragraph 66.

67.     Deny the allegations in paragraph 67.

68.     Deny the allegations in paragraph 68.

69.     To the extent that paragraph 69 asserts legal conclusions to which no response is required, Defendants deny the allegations in paragraph 69, and otherwise deny the allegations in paragraph 69.

70.     To the extent that paragraph 70 asserts legal conclusions to which no response is required, Defendants deny the allegations in paragraph 70, and otherwise deny the allegations in paragraph 70.

71.     Deny the allegations in paragraph 71.

72.     To the extent that paragraph 72 asserts legal conclusions to which no response is required, Defendants deny the allegations in paragraph 72, and otherwise deny the allegations in paragraph 72.

73.     Paragraph 73 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 73.

74.     Deny the allegations in paragraph 74.

75.     Deny the allegations in paragraph 75.

76.     Deny the allegations in paragraph 76.

77.     Deny the allegations in paragraph 77.

78.     Deny the allegations in paragraph 78.

79.     Deny the allegations in paragraph 79.

80.     Deny the allegations in paragraph 80.

81.     Deny the allegations in paragraph 81.

82.     Deny the allegations in paragraph 82.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85.

86.     Deny the allegations in paragraph 86.

87.     Deny the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

97.     Deny the allegations in paragraph 97.

98.     Deny the allegations in paragraph 98.

99.     Deny the allegations in paragraph 99.

100.     Deny the allegations in paragraph 100.

101.     Deny the allegations in paragraph 101.

102.     Deny the allegations in paragraph 102 and refer to the published results of the clinical trial for their contents.

103.     Deny the allegations in paragraph 103.

104.     Deny the allegations in paragraph 104.

105.    Deny the allegations in paragraph 105.

106.    Deny the allegations in paragraph 106.

107.    Deny the allegations in paragraph 107.

108.    Deny the allegations in paragraph 108.

109.    Deny the allegations in paragraph 109.

110.    Deny the allegations in paragraph 110.

111.    Deny the allegations in paragraph 111 and refer to the published results of Clinical Trial 945-82 for their contents.

112.    Deny the allegations in paragraph 112.

113.    Deny the allegations in paragraph 113 and refer to the NDA submitted on September 13, 1996 for its contents and refer to the August 26, 1997 letter for its contents.

114.    Deny the allegations in paragraph 114.

115.    Deny the allegations in paragraph 115.

116.    Deny the allegations in paragraph 116.

117.    Deny the allegations in paragraph 117.

118.    Deny the allegations in paragraph 118.

119.    Deny the allegations in paragraph 119.

120.    Deny the allegations in paragraph 120.

121.    Deny the allegations in paragraph 121.

122.    Deny the allegations in paragraph 122.

123.    Deny the allegations in paragraph 123.

124.    Deny the allegations in paragraph 124.

125.    Deny the allegations in paragraph 125.

126.    Deny the allegations in paragraph 126.

127.    Deny the allegations in paragraph 127.

128.    Deny the allegations in paragraph 128 and refer to the published results of Clinical Trial 945-82 for their contents.

129.    Deny the allegations in paragraph 129.

130.    Deny the allegations in paragraph 130 and refer to the published results of Clinical Trial 945-77 for their contents.

131.    Deny the allegations in paragraph 131.

132.    Deny the allegations in paragraph 132.

133.    Deny the allegations in paragraph 133.

134.    Deny the allegations in paragraph 134.

135.    Deny the allegations in paragraph 135.

136.    Deny the allegations in paragraph 136 and refer to the FDA letter dated August 26, 1997 for its contents.

137.    Deny the allegations in paragraph 137.

138.    Deny the allegations in paragraph 138.

139.    To the extent that paragraph 139 asserts legal conclusions to which no response is required, Defendants deny the allegations in paragraph 139, and otherwise deny the allegations in paragraph 139.

140.    Deny the allegations in paragraph 140.

141.    Deny the allegations in paragraph 141.

142.    To the extent that paragraph 142 asserts legal conclusions to which no response is required, Defendants deny the allegations in paragraph 142, and otherwise deny the allegations in paragraph 142.

143.    Deny the allegations in paragraph 143.

144.    Deny the allegations in paragraph 144.

145.    Deny the allegations in paragraph 145.

146.    Deny the allegations in paragraph 146.

147.    Deny the allegations in paragraph 147.

148.    Deny the allegations in paragraph 148.

149.    Deny the allegations in paragraph 149.

150.    Deny the allegations in paragraph 150.

151.    Deny the allegations in paragraph 151 and refer to the referenced document for its contents.

152.    Deny the allegations in paragraph 152.

153.    Deny the allegations in paragraph 153.

154.    Deny the allegations in paragraph 154 and refer to the referenced documents for their contents.

155.    Deny the allegations in paragraph 155.

156.    Deny the allegations in paragraph 156.

157.    Deny the allegations in paragraph 157.

158.    Deny the allegations in paragraph 158 and refer to the referenced documents for their contents.

159.    Deny the allegations in paragraph 159.

160.    Deny the allegations in paragraph 160.

161.    Deny the allegations in paragraph 161, except deny knowledge or information sufficient to form a belief as to whether grants were charged to the Neurontin marketing budget, and therefore deny same.

162.    Deny the allegations in paragraph 162.

163.    Deny the allegations in paragraph 163 and refer to the referenced letter for its contents.

164.    Deny the allegations in paragraph 164, except admit that in 1995 and 1996 Parke-Davis conducted a Phase IV trial, known as STEPS, that involved titration of Neurontin.

165.    Deny the allegations in paragraph 165, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to how physicians were compensated, and therefore deny same.

166.    Deny the allegations in paragraph 166.

167.    Deny the allegations in paragraph 167 and refer to the referenced letter dated July 1, 2002 for its contents.

## AS TO PLAINTIFFS' FIRST CLAIM FOR RELIEF

170.    Defendants incorporate their responses to paragraphs 1 through 167 of Plaintiffs' Complaint as if fully set forth herein.[2]

171.    Paragraph 171 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 171.

---

[2] Plaintiffs' Complaint apparently skips paragraphs 168 and 169, resuming with paragraph 170. This Answer maintains the numbering of the Complaint and the paragraph answering the paragraph labeled 170 in the Complaint is correspondingly numbered 170.

172.    Paragraph 172 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 172.

173.    Deny the allegations in paragraph 173.

174.    Paragraph 174 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 174.

175.    Deny the allegations in paragraph 175.

176.    Paragraph 176 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 176.

## AS TO PLAINTIFFS' SECOND CLAIM FOR RELIEF

177.    Defendants incorporate their responses to paragraphs 1 through 176 of Plaintiffs' Complaint as if fully set forth herein.

178.    Deny the allegations in paragraph 178.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179, and therefore deny same.

180.    Deny the allegations in paragraph 180.

181.    Deny the allegations in paragraph 181.

## AS TO PLAINTIFFS' THIRD CLAIM FOR RELIEF

182.     Defendants incorporate their responses to paragraphs 1 through 181 of Plaintiffs' Complaint as if fully set forth herein.

183.    Deny the allegations in paragraph 183.

184.    Deny the allegations in paragraph 184.

185.    Deny the allegations in paragraph 185.

186.    Paragraph 186 asserts a legal conclusion to which no response is necessary, and Defendants therefore deny the allegations in paragraph 186.

187.    Deny the allegations in paragraph 187.

188.    Deny the allegations in paragraph 188.

189.    Deny the allegations in paragraph 189.

### AS TO PLAINTIFFS' FOURTH CLAIM FOR RELIEF

190.    Defendants incorporate their responses to paragraphs 1 through 189 of Plaintiffs' Complaint as if fully set forth herein.

191.    Deny the allegations in paragraph 191.

192.    Paragraph 192 asserts a legal conclusion to which no response is necessary, and Defendants therefore deny the allegations in this paragraph.

193.    Deny the allegations in paragraph 193.

194.    Deny the allegations in paragraph 194.

### AS TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF

195.    Defendants incorporate their responses to paragraphs 1 through 194 of Plaintiffs' Complaint as if fully set forth herein.

196.    Paragraph 196 asserts a legal conclusion to which no response is necessary, and Defendants therefore deny the allegations in this paragraph.

197.    Deny the allegations in paragraph 197.

198.    Deny the allegations in paragraph 198.

199.    Paragraph 199 asserts a legal conclusion to which no response is necessary, and Defendants therefore deny the allegations in paragraph 199.

200.    Deny the allegations in paragraph 200.

201.    Deny the allegations in paragraph 201.

## AS TO PLAINTIFFS' SIXTH CLAIM FOR RELIEF

202.    Defendants incorporate their responses to paragraphs 1 through 201 of Plaintiffs' Complaint as if fully set forth herein.

203.    Deny the allegations in paragraph 203.

204.    Deny the allegations in paragraph 204.

## GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not previously been specifically admitted, denied or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

1.    The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose, or are otherwise untimely.

2.    The Complaint fails to state a claim upon which relief can be granted.

3.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because Plaintiffs have made statements or taken actions that preclude Plaintiffs from asserting claims or constitute a waiver of Plaintiffs' claims.

4.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6.      If Plaintiffs have sustained damages or losses as alleged in the Complaint, upon information and belief, such damages or losses were caused in whole or in part by persons or entities other than Defendants.

7.      Plaintiffs' claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8.      Plaintiffs' claims are preempted, in whole or in part, by E.R.I.S.A.

9.      If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

10.     To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Defendants' liability, if any, should be reduced accordingly.

11.     To the extent that Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Alabama law.

12.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Alabama Rule of Civil Procedure 9(b).

13.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

14.     This case may be more appropriately brought in a different venue.

15.     Venue in this case may be improper.

16

16.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to Plaintiffs' claims.

17.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

18.     The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

19.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

20.     Any conduct allegedly causing liability on the part of Defendants is not a substantial cause or factor of any potential or actual loss or damage, if any.

21.     Plaintiffs have not sustained any injury or damages compensable at law.

22.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would also, if granted, violate Defendants' state and federal constitutional rights.

23.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

24.     To the extent that Plaintiffs make a claim for punitive damages, Defendants assert that Plaintiffs have not complied with statutory requirements to recover punitive damages.

25.     To the extent that Plaintiffs' claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  See Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1 (1991).

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

18

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(g)     The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)     Plaintiffs' claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon a plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendants;

(3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

19

(5)    The award of the punitive damages in this case would constitute a deprivation of property without due process of law.

(i)    Plaintiffs' attempt to impose punitive or extra-contractual damages on Defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)    The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without the due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

(l)    The award of punitive damages against Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)    The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate Defendants' right to defend themselves pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Alabama Code § 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the

United States Constitution and Article I, Section 6 of the Constitution of Alabama.

26.    Plaintiffs' Complaint seeks to make Defendants liable for punitive damages.  The U.S. Supreme Court has reversed the Alabama Supreme Court in the case styled <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996), on the issue of punitive damages.  Defendants adopt by reference the defenses, criteria, limitations, and standards mandated by the U.S. Supreme Court decision in that case and in <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001); <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408 (2003); and any subsequent applicable decisions.

27.    Defendants affirmatively plead that any punitive damages that Plaintiffs may recover in this case should be capped in keeping with Alabama Code § 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in <u>Oliver v. Towns</u>, 738 So. 2d 798 (Ala. 1999).

28.    The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Alabama Code § 6-11-21 (1975).  Defendants adopt by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  <u>See Honda Motor Co., Ltd. v. Oberg</u>, 512 U.S. 415, 431 n.9 (1994).

29.    Defendants aver that the punitive damage cap set out in Alabama Code § 6-11-21 (1975) applies to the instant case.  <u>See Horton Homes, Inc. v. Brooks</u>, 832 So. 2d 44 (Ala. 2001).

30.    Defendants aver that any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.  See TXO Prod. Corp. v. Alliance Resources Corp., 509 U.S. 443 (1993).

31.    Defendants aver that the method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party.  See Leonard v. Terminix Int'l Co., 854 So. 2d 529 (Ala. 2002).

32.    The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

33.    Defendants adopt the terms of any applicable legislative act or Alabama Supreme Court decision that now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

34.    Plaintiffs cannot show reasonable reliance as a matter of law.

35.    Plaintiffs' claims for unjust enrichment are barred by the voluntary payment doctrine.

36.    There is no private right of action for a violation of Alabama Code §§ 20-1-26 and 20-1-27.

37.    Defendants deny that its product was misbranded within the meaning of Alabama Code §§ 20-1-26 and 20-1-27.

38.    Plaintiffs cannot recover for the claims asserted because Plaintiffs have failed to comply with the conditions precedent necessary to bring this action.

39. By asserting a claim under the Alabama Deceptive Trade Practices Act, the Plaintiffs have elected remedies under the Act and waived other rights and remedies available at common law and by statute.

40. Plaintiffs' conspiracy claim is barred because Defendants did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

41. Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Defendants in this action.

42. To the extent that Plaintiffs seek to recover only economic loss in tort, Plaintiffs' claims are barred by the economic loss doctrine.

43. Plaintiffs' claims are not suitable for joinder.

44. Defendant Longmire is improperly joined.

45. To the extent that this action purports to hold one defendant liable for the acts of another, such violates the Due Process clause of the United States Constitution and the Alabama Constitution.

46. Defendants deny that they were guilty of any actionable negligence, deny that Plaintiffs were injured thereby, and deny the existence of any proximate cause to the alleged damages.

47. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

48. To the extent that Plaintiffs' claims and allegations against Defendants relate to mere puffery that is not misleading to a reasonable person, such claims are not actionable.

49.    With respect to each and every purported cause of action, the acts of Defendants were at all times done in good faith and without malice.

50.    Defendants plead the general issue and deny that they were liable or responsible for any alleged damages to Plaintiffs.

51.    Plaintiffs are improper parties and lack standing to prosecute this action.

52.    Plaintiffs have suffered no compensable injury or any damages.

53.    Plaintiffs' claims are barred by the doctrine of equitable estoppel.

54.    Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during discovery proceeding in this case.  Defendants hereby reserve the right to amend this Answer to assert any such defense.

55.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Defendants to determine all of their legal, contractual and equitable rights, Defendants reserve the right to amend and/or supplement the averments of this Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

56.    Defendants incorporate any applicable affirmative defense or other defense asserted by any other defendant in this action.  Defendants will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Defendants respectfully demand judgment dismissing Plaintiffs' Complaint with prejudice and awarding Defendants reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## <u>JURY DEMAND</u>

Defendants demand a trial by jury as to all issues so triable.

WHEREFORE, Defendants respectfully requests that the Court:

1.  Enter judgment in its favor on all claims alleged in the Complaint;

2.  Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.  Grant Defendants such other and further relief as the Court may deem just and proper.

This, the 14th day of June 2006.

Respectfully submitted,

s/Brian A. Wahl
Brian A. Wahl (WAH003)
One of the Attorneys for Pfizer Inc.

**OF COUNSEL:**

Fred M. Haston III (HAS012)
Andrew B. Johnson (JOH168)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**COUNSEL FOR BLUE CROSS AND BLUE SHIELD OF ALABAMA**
Kimberly Redman West
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
P.O. Box 530910
Birmingham, Alabama  35253-0910

Pamela Beard Slate
SLATE KENNEDY LLC
166 Commerce Street, Suite 350
Montgomery, Alabama  36104-2560

**COUNSEL FOR MUNICIPAL WORKERS COMPENSATION FUND, INC.**
Josh J. Wright
HOLLIS & WRIGHT, P.C.
505 North 20th Street
Suite 1750
Birmingham, Alabama   35203

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**DAVID REYNOLDS LONGMIRE, M.D.**
13150 Highway 43
Russellville, Alabama  35653

Respectfully submitted,

s/ Brian A. Wahl
Brian A. Wahl
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: bwahl@bradleyarant.com