IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA; MUNICIPAL WORKERS COMPENSATION FUND, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) ) | |
| vs. | ) ) ) ) | CASE NO. 06-CV-524-MEF-VPM |
| PFIZER INC., ET AL., | ) ) ) | |
| Defendants. | ) ) | |

**MOTION FOR EXPEDITED CONSIDERATION OF
PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

Plaintiffs, Blue Cross and Blue Shield of Alabama and the Municipal Workers Compensation Fund, Inc., move this Court to consider Plaintiffs' Motion to Remand to State Court, filed contemporaneously herewith, on an expedited basis. In support of this motion, Plaintiffs state as follows:

1. A review of Defendants' Notice of Removal, filed June 13, 2006 (Dkt. 2), in conjunction with the Plaintiff's Complaint, clearly demonstrates that the Defendants' removal can only be characterized as frivolous and that this Court does not have subject matter jurisdiction of this action. In fact, Defendants' claim of fraudulent joinder of David Longmire, the linchpin of their removal, is conclusively disproved by both Plaintiffs' Complaint and Longmire's Complaint, attached as Exhibit B to the Notice of Removal. As shown by Plaintiffs'

Motion to Remand and Brief in Support thereof, filed contemporaneously herewith, it is undisputed that the Plaintiffs' Complaint raises no questions of federal law, there is not complete diversity, as the Plaintiffs and Defendant David Longmire are all citizens of Alabama, and Longmire is neither fraudulently joined nor due to be realigned as a plaintiff in this action.

2. The complete lack of legitimate bases to remove this action brings to light Defendants' true motive in removing this case: to delay this matter long enough for Defendants to maneuver this case into an MDL proceeding in Boston, Massachusetts, where the MDL court is not expected to rule on motions to remand for many months.

3. Unlike the MDL cases, which allege RICO claims on a classwide basis against Pfizer and have no physician defendants, Plaintiffs here raise only state law claims against Pfizer and Longmire.

4. Remand of this case for lack of subject matter jurisdiction will still be required, even if this case were transferred to the MDL. The MDL court has, however, stayed all determination of remand motions pending its determination of class certification issues, *In re Neurontin Marketing, Sales Practices, and Products Liability Litigation*, MDL 1629, Order Staying Remand Orders (D. Mass.) (Feb. 17, 2006), MDL 1629 Dkt. (entries from 2/17/06 to 6/28/06 attached hereto as Exhibit A), at Entry 279, and class certification briefing has been stayed pending resolution of motions to dismiss. MDL 1629 Dkt. Entry dated Mar. 31, 2006.

5. The MDL court's order on motion to dismiss was issued June 12, 2006, MDL 1629 Dkt., at Entry 356, and the schedule to resume class certification briefing and for a hearing has not yet been entered. To date, no case has been remanded from the MDL, which was formed in 2004. Considering that a schedule for class certification briefing has not yet been entered, it

will certainly be months, if not over a year, before class certification is decided and motions to remand are first addressed by the MDL court.

      6.      If this case is transferred to MDL 1629 with a remand motion pending, and then stayed indefinitely, Plaintiffs would be without the ability to either participate in the MDL proceedings or to move forward with their claims in state court.  Plaintiffs would therefore be severely prejudiced if this case were transferred before this Court hears this motion to remand. Plaintiffs would be left to languish in a state of judicial limbo for several years before subject matter jurisdiction, a threshold issue, is determined in their favor.

      7.      Plaintiffs should be protected from Pfizer's attempts to have this case "enter in a 'black hole' never to be seen again." *In re Asbestos Prod. Liability Litig.,* 771 F. Supp. 415, 423 (J.P.M.L. 1991).

      8.      Defendants' misuse of the removal process in an attempt to stall this case in the federal court system long enough to bring about a transfer to the MDL federal court in Boston by mischaracterizing Plaintiffs' case as a "tag along" in the MDL proceeding creates a sense of urgency which Plaintiffs plead that this Court acknowledge.  It would be grossly unfair to reward Defendants' misconduct with the delay they seek through their frivolous Notice of Removal.

      9.      Plaintiffs plead to this Court to grant this Motion for Expedited Consideration and further request that this Court summarily remand this case immediately, based on the pleadings currently filed.

      10.      Alternatively, Plaintiffs request that this Court expedite its ruling on the Plaintiffs' Motion to Remand to State Court, and issue an order that sets ruling on the Motion to Remand within **ten days** from the date of this Motion.

WHEREFORE, Plaintiffs respectfully request that this Court consider Plaintiffs' Motion to Remand to State Court on an expedited basis, within ten days from the date of this motion.

    Respectfully submitted,

    /s/ Pamela B. Slate
    Pamela B. Slate (ASB-8938-A43P)
    pslate@slatekennedy.com
    Slate Kennedy LLC
    166 Commerce Street, Suite 350
    Montgomery, Alabama 36104
    Phone: (334) 262-3300
    Fax:   (334) 262-3301

OF COUNSEL:

Kimberly R. West (ASB-2419-E65K)
kw@wallacejordan.com
Wallace, Jordan, Ratliff & Brandt, LLC
P.O. Box 530910
Birmingham, Alabama 35253-0910
Phone:(205) 870-0555
Fax:   (205) 871-7534

Joshua J. Wright (ASB-4891-W51J)
joshw@hollis-wright.com
Hollis & Wright, P.C.
505 North 20th Street, Suite 1750
Birmingham, AL  35203
Phone:(205) 324-3600
Fax:   (205) 324-3636

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 29, 2006, I electronically filed the foregoing with the Clerk of the United States District Court, Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following:

Andrew Burns Johnson, Esquire
Brian A. Wahl, Esquire
Fred M. (Tripp) Haston, III, Esquire
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

      In addition, I hereby certify that notification of such filing has this date been served on the following by placing same in the U.S. Mail, postage prepaid and properly addressed to:

David Longmire
13150 Highway 143
Russellville, AL 35653

      s/ Pamela B. Slate
      Pamela B. Slate (ASB-8938-A43P)
      pslate@slatekennedy.com
      Slate Kennedy LLC
      166 Commerce Street, Suite 350
      Montgomery, Alabama 36104
      Phone: (334) 262-3300
      Fax:   (334) 262-3301