IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA; MUNICIPAL WORKERS COMPENSATION FUND, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER, INC., WARNER-LAMBERT COMPANY LLC; WARNER-LAMBERT COMPANY; PARKE-DAVIS, A DIVISION OF WARNER-LAMBERT COMPANY AND WARNER-LAMBERT COMPANY LLC; DAVID LONGMIRE, <br><br> Defendants. | CIVIL ACTION NO. <br> 2:06-cv-00524-MEF-VPM |

### DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION PROCEEDING

Defendants Pfizer Inc. (incorrectly identified in the Complaint as "Pfizer, Inc."), Warner-Lambert Company, Warner-Lambert Company LLC and Parke-Davis, a division of Warner Lambert Company LLC and Warner-Lambert Company (collectively "Pfizer") move the Court for an Order staying this case pending a decision on its transfer to the multidistrict litigation proceeding, *In re*

1

*Neurontin Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1629. As grounds for this motion, Pfizer shows as follows:

I. **INTRODUCTION**

On or about May 12, 2006, Plaintiffs filed this third-party payor ("TPP") action against Pfizer in Montgomery County Circuit Court. Plaintiffs' claims relate to the alleged "off-label" promotion of the prescription drug Neurontin. Pfizer timely removed this action to this Court on the basis of diversity jurisdiction, asserting that Plaintiffs fraudulently joined a non-diverse practicing physician as a defendant in the case and that, if anything, the physician should be realigned as a plaintiff in the action. Plaintiffs recently have moved to remand the case to federal court, and Defendants intend to oppose Plaintiffs' motion.

The Judicial Panel on Multidistrict Litigation ("JPML") has created an MDL, *In re Neurontin Marketing, Sales Practices and Products Liability Litigation*, MDL Docket No. 1629 (D. Mass.) ("the Neurontin MDL"), to address cases involving the off-label promotion of Neurontin. To date, the JPML has transferred over fifty consumer-protection cases, including 11 TPP cases just like this one, to the Neurontin MDL. Two of these TPP suits previously transferred to the Neurontin MDL are from the state of Alabama, *see Alabama Forests Products Indus. Worker's Compensation Self-Insurer's Fund v. Pfizer, Inc. and Warner Lambert Company LLC* (formerly pending as CV-04-0711 in the Middle District of

Alabama) and *Gulf Distributing Holdings, LLC v. Pfizer Inc.* (formerly pending as CV-04-0403 in the Southern District of Alabama), and one of the named, TPP plaintiffs in the putative class action pending in the Neurontin MDL is a self-insured employer from the state of Alabama, Harden Manufacturing Corporation. The JPML has also assigned more than 110 personal injury products cases to the Neurontin MDL.

Plaintiffs in this case are both TPPs – an insurance provider and a workers compensation fund – and, just like the TPPs in the Neurontin MDL, are seeking to recover the costs associated with their decision to reimburse health-care providers, pharmacies, or their own insured for off-label prescriptions of Neurontin. Plaintiffs' Complaint is virtually identical to the TPPs' complaints in the Neurontin MDL. It focuses on an alleged scheme by Pfizer to market and promote Neurontin for various off-label uses. However, and in a naked attempt to defeat diversity jurisdiction and prevent this case from being transferred to the MDL, Plaintiffs here have "cherry picked" from the allegations in the TPPs' complaints in the Neurontin MDL regarding misrepresentations allegedly made by various physicians and named only one of them – Dr. Longmire, a resident of the state of Alabama – as a defendant in this action.

Pfizer has notified the JPML that this case is a potential "tag-along" action to be transferred to the MDL for coordinated and consolidated pretrial proceedings.

*See* Letter to Clerk of the JPML, dated July 20, 2006 (attached as Exhibit A). Pfizer expects the JPML to issue a conditional transfer order in this action within the next two to three weeks. Once transferred to the MDL, all pretrial issues – including Plaintiffs' pending remand motion – will be governed by pretrial orders entered by the Hon. Patti B. Saris, who presides over the Neurontin MDL. For reasons of uniformity and judicial economy, Defendants respectfully submit that all proceedings in this action should be stayed pending transfer to the MDL.

## II.  ARGUMENT

The numerous actions that have been assigned to the Neurontin MDL, while asserting various theories of liability, are all based on the same underlying factual allegations as those alleged in this action. As such, and given that this is a TPP action that is virtually identical to those already pending in the Neurontin MDL, this case will in all likelihood be transferred to the MDL. *See, e.g., Alabama Forest Products v. Pfizer Inc.*, 2:04-CV-711 (M.D. Ala.) (transferring TPP action involving identical claims to Neurontin MDL) (transfer order attached as Exhibit B). The JPML has never declined to transfer a Neurontin case referred to it, and in keeping with the MDL's purpose, numerous courts around the country have stayed Neurontin cases with pending remand motions. *See, e.g., Young v. Pfizer Inc.*, No. 06-1308 (E.D. Pa. May 4, 2006); *Mecija v. Pfizer Inc.*, No. SA CV 06-293 (C.D. Cal. Apr. 27, 2006); *Fonseca v. Pfizer Inc.*, No. 7:05-cv-0312 (S.D. Tex. Oct. 21,

2005); *Johnson v. Pfizer Inc.*, No. 05-3688 (E.D. La. Aug. 25, 2005). In the interests of judicial economy, this Court should stay all proceedings in this action pending MDL transfer.

Federal courts possess the inherent power to control their dockets by staying proceedings, and such stays are particularly valuable in promoting the purposes of the JPML, which is designed to promote judicial efficiency and consistency. A stay of proceedings by this Court would assist the Neurontin MDL to achieve its purpose of conserving the judicial resources of forums around the country – including this one – and ensuring uniform decisions on an array of pretrial matters, including remand motions, while avoiding duplicative and costly burdens on the litigants. *See, e.g., Alabama Forest Products v. Pfizer Inc.*, 2:04-CV-711 (M.D. Ala. August 23, 2004) (wherein Judge Walker entered an order staying all deadlines and proceedings pending transfer to the Neurontin MDL in a case involving identical TPP claims) (order attached as Exhibit C).

This Court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A court has broad discretion to grant a motion to stay pretrial proceedings pending transfer to another court. *See Portnoy v. Zenith Labs,* No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April 21, 1987); *see*

*also Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis,* 299 U.S. at 254).

The authority to stay pretrial proceedings includes the authority to stay consideration of jurisdictional matters, such as a motion to remand, pending transfer to an MDL. *See Tench v. Jackson Nat'l Life Ins. Co.*, No. 99-C-5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) ("The MDL Panel clearly has the authority to transfer this case despite [plaintiff's] jurisdictional objection."). Indeed, the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113, 2001 WL 34049067, at *6 (W.D. Tenn. Apr. 3, 2001). Consolidating motions to remand in the MDL Court allows for uniformity and judicial economy in determining jurisdictional issues. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served."); *Moore v. Wyeth-Ayerst*, 236 F. Supp. 2d 509, 512 (D. Md. 2002) (staying motion to remand pending MDL transfer "because it further the goals of judicial economy and consistency"); *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919 (E.D. La. Apr. 19, 2000) (transferee court should decide remand motion because of the replication of factual and legal issues in several actions brought against same

defendant); *Aikins v. Microsoft Corp.*, No. 00-2042, 2000 WL 310391 (E.D. La. Mar. 24, 2000) (same).

Deferral is particularly appropriate in a pharmaceutical litigation, as here, because the issue of whether a plaintiff has fraudulently joined non-diverse individuals in an effort to defeat diversity jurisdiction will be raised countless times. For example, in the recent Vioxx litigation, plaintiffs named non-diverse sales representations and sought to remand on that basis in numerous cases from Alabama and other jurisdictions. *See, e.g., Jones v. Merck* (C.A. No. 05-427, transferred from N.D. Ala.); *King v. Merck* (C.A. No. 05-165, transferred from M.D. Ala.). Indeed, plaintiffs in the Neurontin litigation have already – and unsuccessfully – tried to name non-diverse sales representatives or physicians as defendants in an effort to defeat removal. *See, e.g., Southern v. Pfizer Inc.*, No. 2:06-cv-0086-VEH (N.D. Ala. June 23, 2006) (refusing to remand case and finding non-diverse sales representatives were fraudulently joined); *Accetullo v. Pfizer Inc.*, No. 4:06-cv-00341-WRW (E.D. Ark.) (plaintiff voluntary dismissed non-diverse sales representatives rather than challenge jurisdiction). In three of these cases, the district courts elected to stay all proceedings and allow the cases to be transferred to the Neurontin MDL rather than address the fraudulent joinder of these non-diverse individuals. *See Mecija v. Pfizer Inc.*, No. SA CV 06-293 (C.D. Cal. Apr. 26, 2006); *Aranda v. Pfizer Inc.*, No. M-05-309 (S.D. Tex. Oct. 17,

2005); *Fonseca v. Pfizer Inc.*, No. M-05-312 (S.D. Tex. Oct. 21, 2005). Defendants respectfully submit that this Court should do the same here.

The MDL Court is in the best position to resolve jurisdictional issues in a consistent manner. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (noting that, where "the jurisdictional issue in question is easily capable of arising in [more than one court] . . . [c]onsistency as well as economy is . . . served [by transferring and consolidating cases as to which remand motions are pending]"); *see also Bd. of Trs. of the Teachers' Ret. Sys. Of Ill. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("The question, then, is whether other courts are facing or are likely to face similar jurisdictional issues in cases that have been or may be transferred to a multidistrict proceeding."); *Benjamin v. Bayer Corp.*, No. 02-0886, 2002 WL 1009475, at *1 (E.D. La. May 16, 2002) ("[B]ecause the issues involved in this remand are likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are further by a stay of the proceedings in this Court pending a decision on the transfer of this case to the MDL."); *Bourdreaux v. Metro Life Ins. Co.*, No. 95-138, 1995 WL 83788, at *2 (E.D. La. Feb. 24, 1995) (same).

In determining whether a stay is appropriate, courts consider judicial economy and efficiency as well as the risk of "inconsistent pretrial rulings." *Johnson v. AMR Corp.*, Nos. 95-C-7659 – 95-C-7664, 1996 WL 164415, at *3

(N.D. Ill. Apr. 3, 1996) (granting stay and preserving decision on remand motion for MDL transferee court); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-1362 (C.D. Cal. 1997) (granting stay where remand motion was pending and an MDL Court had not yet been selected in order to conserve judicial resources). This analysis is often accompanied by a balancing of the relative hardships to each party in the event a stay is granted or denied. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (where defendant faced the same or similar issues on remand in eight other cases, stay was granted because gains in judicial economy outweighed the burden of delay); *American Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *1-2 (E.D. Pa. May 7, 1992); *Tench*, 1999 WL 1044923, at *2.

As such, courts routinely grant stays where defendants face substantial harm in the form of duplicative motion practice and discovery in the absence of the stay. *See Portnoy*, 1987 WL 10236, at *1. This is especially true where, as here, the anticipated delay is short. *See American Seafood*, 1992 WL 102762, at *2 ("Duplicative motion practice and discovery heavily outweigh the possible prejudice the short time period that the proceedings stayed will cause the plaintiffs."); *Tench*, 1999 WL 1044923, at *2 (stay granted where plaintiff risked no prejudice by short time delay). As appears below, these factors all weigh heavily in favor of a stay in this case.

A.   <u>A Stay Will Conserve the Resources of the Court and Litigants</u>

A stay pending transfer is warranted in this case as a matter of judicial efficiency. Particularly when considered in light of the purposes of the JPML and the Neurontin MDL's familiarity with allegations concerning the purported role played by sales representatives and physicians in the alleged off-label promotion of Neurontin,[1] a stay is appropriate here to protect both courts and litigants from engaging in costly duplicative motion practice and discovery. *See Ivy*, 901 F.2d at 9. Without a stay, additional motion practice and discovery might commence in this action only to have the case later transferred to the MDL, thereby running the risk of needless duplication of effort. As Judge Proctor has noted, "[i]t is well established that one of the main purposes of the MDL proceeding is to eliminate duplicative discovery and to enable the MDL court to coordinate discovery efforts for both common and non-common issues." *Faircloth*, CV-2:06-184-RDP (N.D. Ala. Mar. 3, 2006) at 2 (Ex. D).

B.   <u>A Stay Will Promote Consistency in Pretrial Rulings</u>

The volume of Neurontin cases in numerous jurisdictions makes consistency of pretrial rulings a significant matter. Such consistency is best achieved by

---

[1] The Neurontin MDL Court recently dismissed the TPPs' RICO claims to the extent that they involved physicians. *See In re Neurontin*, Civ. A. No. 04-10981, 2006 WL 1594082 (D. Mass. June 12, 2006). The MDL Court held that the plaintiffs' purported RICO enterprises consisting of Pfizer and other corporate entities, certain medical educations vendors, and individual physicians could not proceed because the plaintiffs had failed to allege sufficiently that the physicians shared a common purpose with the other purported RICO participants. <u>Id.</u>

granting a stay pending transfer to the MDL, where all pretrial issues can be decided by one court in a consistent manner. Courts routinely grant stays pending transfer to an MDL in order to provide greater consistency in pretrial rulings. *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (stay granted in order to "eliminate the potential for conflicting pretrial rulings" and to further judicial economy).

    C.    <u>The Balance of Convenience Strongly Favors a Stay</u>

A court may weigh the relative benefits and harms to litigants in deciding whether to grant a stay. *See Portnoy,* 1987 WL 10236, at *1 (D.D.C. April 21, 1987) (in deciding if justice would be furthered by a stay of proceedings, court examined the harm to plaintiff and found that any delay that would result was minimal); *Falgoust,* 2000 WL 462919, at *2 (court issued stay after weighing the hardship on the moving party if stay was denied and prejudice to the non-moving party if stay was granted); *Egon v. Del-Val Fin. Corp.,* No. 90-4338, 1991 WL 13726, at *1-2 (D.N.J. Feb. 1, 1991) (stay granted after balancing hardships that would result if proceedings delayed); *Good v. Prudential Ins. Co. of America,* 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (plaintiff did not show why a potential delay of several months would prejudice him and thus failed in his burden to demonstrate hardship).

In contrast to the significant burdens imposed on Pfizer by exposing it to potentially duplicative and inconsistent pretrial rulings and discovery, the harm, if any, to plaintiff from a brief stay would be minimal. *See Rosenfeld v. Hartford Fire Ins. Co.,* Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("While they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost."); *Falgoust,* 2000 WL 462919, at *2 (granting stay where moving party demonstrated harm would result if stay was withheld while non-movant failed to show she would be significantly prejudiced); *Egon,* 1991 WL 13726, at *1 ("even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay"). Any delay here would be short, and it is likely that in the long run more time and effort will be saved through more efficient consolidated proceedings than would be lost during the period of the stay.

### III. CONCLUSION

For all these reasons, all proceedings in this matter should be stayed pending transfer of this matter to the Neurontin MDL.

DATED this the 21st day of July 2006.

Respectfully submitted,

_____
Brian A. Wahl
One of the Attorneys for Pfizer Inc.

**OF COUNSEL:**

Fred M. Haston III
Andrew B. Johnson
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**COUNSEL FOR BLUE CROSS AND BLUE SHIELD OF ALABAMA**
Kimberly Redman West
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
P.O. Box 530910
Birmingham, Alabama 35253-0910

Pamela Beard Slate
SLATE KENNEDY LLC
166 Commerce Street, Suite 350
Montgomery, Alabama 36104-2560

**COUNSEL FOR MUNICIPAL WORKERS COMPENSATION FUND, INC.**
Josh J. Wright
HOLLIS & WRIGHT, P.C.
505 North 20th Street
Suite 1750
Birmingham, Alabama 35203

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**DAVID REYNOLDS LONGMIRE, M.D.**
13150 Highway 43
Russellville, Alabama 35653

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his/her regular mailing address, on this 21st day of July, 2006.

_____
OF COUNSEL

14

1/1473247.1