# EXHIBIT "C"



# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**In re: BAYCOL PRODUCTS LITIGATION**             MDL No. 1431
                                                  (MJD)

This Document also relates to:

| | |
|---|---|
| Annie Andrews et al. v. Bayer Corp. et al., | Case No. 03-4932 |
| Maney Anglin et al. v. Bayer Corp. et al., | Case No. 03-4942 |
| Judy Baldwin et al. v. Bayer Corp. et al., | Case No. 03-4930 |
| Dorothy Bennett et al. v. Bayer Corp. et al., | Case No. 03-4938 |
| Alice Dowling et al. v. Bayer Corp. et al., · | Case No. 03-4931 |
| Mary Ellis et al. v. Bayer Corp. et al., | Case No. 03-4933 |
| Sis Grubbs et al. v. Bayer Corp. et al., | Case No. 03-4934 |
| George Jenkins et al. v. Bayer Corp. et al., | Case No. 03-4943 |
| Mary Richardson et al. v. Bayer Corp. et al., | Case No. 03-4935 |
| Charles Rogers et al. v. Bayer Corp. et al., | Case No. 03-4936 |
| Clarence Wheeler et al. v. Bayer Corp. et al., | Case No. 03-4941 |
| Albert Williams et al. v. Bayer Corp. et al., | Case No. 03-4937 |
| Willie Womack et al. v. Bayer Corp. et al., | Case No. 03-4939 |
| Jeffrey Woods et al. v. Bayer Corp. et al., | Case No. 03-4940 |

Andy D. Birchfield, Jr., E. Frank Woodson, and Melissa A. Prickett, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. for and on behalf of Plaintiffs.

Peter W. Sipkins, Dorsey & Whitney LLP for and on behalf of Bayer Corporation.

Scott A. Smith and Tracy J. Van Steenburgh for and on behalf of SmithKline Beecham Corporation d/b/a GlaxoSmithKline.

This matter is before the Court upon Plaintiffs' motions for remand. Bayer

Corporation ("Bayer") and SmithKline Beecham Corporation d/b/a

1



EXHIBIT

D



GlaxoSmithKline ("GSK") oppose the motions, arguing that this Court has diversity jurisdiction over Plaintiffs' claims.

Background

The above-referenced cases were originally filed in Alabama state court and involve a number of plaintiffs that are citizens of Alabama. Plaintiffs each allege that they were prescribed Baycol and that as a direct and proximate result of taking Baycol, each Plaintiff was caused to suffer physical injury.[1]  In their Complaints, the Plaintiffs assert the following claims against Bayer A.G., Bayer Corporation, GSK, as well as against Monica Reid and Jerry Totty, district managers for GSK and Todd Trawick and Donald Heller, sales representatives for GSK: the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"); negligence; breach of warranty, and; fraud/suppression.

Bayer and GSK removed the above actions to federal court on the basis that the non-diverse defendants, the individual district managers and sales representatives, were fraudulently joined.  Plaintiffs now seek remand, arguing that they have stated a claim against these individual defendants.

Standard

Remand to state court is proper if the district court lacks subject matter

---

[1]With the exception of those paragraphs describing the claims of the individual plaintiffs, the allegations against the defendants in all of the above referenced complaints are identical.  For ease of reference, the Court will refer only to the Baldwin Complaint.



jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion

to remand, the court must resolve all doubts in favor of remand to state court,

and the party opposing remand has the burden of establishing federal jurisdiction

by a preponderance of the evidence. In re Business Men's Assurance Co. of

America, 992 F.2d 181, 183 (8th Cir. 1983) (citing Steel Valley Auth. v. Union

Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S.

1021 (1988)).

Fraudulently joined defendants will not defeat diversity jurisdiction. Filla

v. Norfolk Southern Railway Company, 336 F.3d 806, 809 (8th Cir. 2003).

"Joinder is fraudulent and removal is proper when there exists no reasonable

basis in fact and law supporting a claim against the resident defendants." Wiles

v. Capitol Indemnity Corporation, 280 F.3d 868, 870 (8th Cir. 2001). The burden

is on the removing party to show that a non-diverse party has been fraudulently

joined. Id., at 871. In deciding this issue, the Court may consider the pleadings

and supporting affidavits. Parnas v. General Motors Corporation, 879 F. Supp.

91, 92 (E.D. Mo. 1995).

    1. AEMLD Claim

Plaintiffs have alleged AEMLD claims against all defendants. To establish

liability under AEMLD, the plaintiffs must show they were injured by one who

sold a product in a defective condition unreasonably dangerous to the plaintiffs as

3

the ultimate user or consumer; the seller was engaged in the business of selling

such a product; the product was expected to and did reach the users without

substantial change in the condition in which it was sold. Carter v. Cantrell

Machine Company, Inc., 662 So. 2d 891, 892 (Ala. 1995).

Defendants argue that the district managers and sales representatives are

not "sellers" of Baycol, as contemplated by the AEMLD. The Court agrees. The

purpose of the AEMLD, a judicially created doctrine, is to "plac[e] the burden to

compensate for loss incurred by defective products on the one best able to

prevent the distribution of those products." Atkins v. American Motors Corp. et

al., 335 So.2d 134, 139 (Ala. 1976). Although no Alabama state court decision

specifically addresses whether a district manager or sales manager could be held

liable under the AEMLD, other courts have found that Alabama would not impose

such liability. For example, in an unpublished opinion from the Southern District

of Alabama, the district court specifically held that a sales manager cannot be

held liable under the AEMLD. Bowman v. Coleman Company, Inc., Civil Action

No. 96-0448-P-C (S.D.Ala. 1996), Attached as Ex. B. to Removal Petition. The

court recognized that the defendant sales manager "had no authority to compel

or prevent the distribution of particular products . . . for such product distribution

decisions are vested in the [] home office, rather than in its individual store

managers." Id. at *7. The court also noted that it is the corporation that reaps the

4



profits from the distribution from products, and has the participatory market

connection with the manufacturer through which the corporation can recoup

costs as a result of seller liability, not the sales manager.  Id.  "In short, the policy

goals underlying the AEMLD would not be advanced in any way by holding

persons such as Mr. Elkins liable in their role as store managers or sales

representatives."

In another MDL proceeding, the district court similarly held that Alabama

courts would not hold a sales representative liable under AEMLD.  In re Rezulin

Products Liability Litigation, 133 F.Supp. 2d 272, 287-288 (S.D.N.Y. 2001).

> The sales representative joined in the Alabama case neither manufactured,
> sold nor supplied Rezulin. Rather, he was an agent of the manufacturer
> and seller. As a corporate employee, he was not 'the one best able' to
> prevent sales of defective drugs. In light of the Alabama Supreme Court's
> clear explanation of the AEMLD's scope and purpose, there is no reasonable
> basis for supposing that it would impose liability on the sales
> representatives in this case.

Id. See also, Wakeland v. Brown & Williamson Tobacco Corporation, 996 F.Supp.

1213 (S.D. Ala. 1998) (finding that retailer of cigarettes was fraudulently joined

as plaintiffs had failed to state a claim under AEMLD, in part, because Alabama

rejects the no-fault precept and plaintiff failed to demonstrate a causal connection

between the retailer's activities in connection with the handling of the product

and the product's defective condition).

Plaintiffs do not allege, and nothing in the records supports a finding, that



the individual defendants are "sellers" as that term is used to impose liability for a

defective product. In fact, the individual defendants submitted declarations in

which they attest that they are not sellers, manufacturers, developers or testers of

Baycol. Declarations of Monica Reid, Jerry Totty, Todd Trawick and Donald

Heller, Ex. C. to Joint Notice of Removal. Accordingly, the Court finds that

Alabama would not recognize an AEMLD claim against the individual defendants

in these cases.

2. Negligence/Warranty Claim

Plaintiffs also assert negligence and warranty claims against the individual

defendants, alleging they were negligent in the design, manufacture,

development, packaging, labeling, marketing, promoting, advertising and sale

and/or distribution of Baycol and provided express and implied warranties

concerning Baycol's safety and efficacy. Compl. ¶¶ 28-32. Defendants argue that

these claims fail as well, as such claims can only be brought against a

manufacturer or seller of an allegedly defective product.

In support of remand in these cases, Plaintiffs argue that the negligence

and warranty claims stand, as such claims are not subsumed by AEMLD.

Defendants do not argue to the contrary, and the Alabama Supreme Court has

found that negligence claims are not subsumed by AEMLD. Tillman v. R.J.

Reynolds Tobacco Co., 2003 WL 21489707 (Ala. 2003). However, none of the

6



cases cited in their briefs addresses the propriety of such claims against individuals that were not manufacturers or sellers of the product at issue.

Alabama law provides that claims of negligent manufacture or sale may only be asserted against the manufacturer or seller. Norton Co. v. Harrelson, 176 So.2d 18, 20 (Ala. 1965). Similarly, claims of breach of express or implied warranties may only be asserted against the seller of the product at issue. See eg. Rutledge v. Arrow Aluminum Industries, Inc., 733 So. 2d 412, 417 (Ala. Civ. App. 1998) (plaintiff cannot recover against construction company under AEMLD or breach of warranty when no evidence presented that construction company sold the alleged defective product at issue). See also, Ala. Code § 7-2-313(1) ("Express warranties by the seller are created as follows . . . "); id. § 7-2-314(1) (implied warranty of merchantability applies to a seller that is a "merchant with respect to goods of that kind"); id. § 7-2-315(1) (implied warranty; fitness for a particular purpose applies to sellers).

As the individual defendants are not sellers or manufacturers of Baycol, rather they are only agents of the seller of Baycol, Plaintiffs negligence and warranties claims against the individual defendants would fail.

3. Fraud/Suppression

Finally, Plaintiffs allege that the individual sales manager and sales representative defendants made knowing fraudulent misrepresentations that

7



Baycol was safe with the intent to induce physicians to prescribe Baycol and that

plaintiffs were injured as a result. Compl. ¶¶ 43 and 44.   Defendants argue these

allegations do not meet the specificity requirements of  Rule 9(b) of the Federal

Rules of Civil Procedure and the Alabama Rules of Civil Procedure, and that such

claims should therefore be dismissed.

 Alabama law clearly provides that a claim for fraud must be plead with

particularity.

> Rule 9(b), A.R.Civ.P. provides that when fraud is alleged, the
> circumstances constituting the fraud must be stated with particularity. This
> does not mean that every element must be pleaded with particularity. The
> pleader, however, must use more than generalized or conclusionary
> statements when setting out the allegations of fraud. The pleader must
> state the place, the time, the contents of the false misrepresentations, the
> fact misrepresented, and an identification of what has been obtained.
> Robinson v. Allstate Ins. Co., 399 So.2d 288 (Ala.1981). The purpose of
> Rule 9(b) is to provide adequate notice to the opposing party of any claim
> for fraud so that he may properly prepare his case. Caron v. Teagle, 345
> So.2d 1331 (Ala.1977).

Lyde v. United Ins. Co. of America, 628 So.2d 665, 670 (Ala. Civ. App. 1993).

 In reviewing the Complaints at issue here, the Court finds that Plaintiffs

have failed to plead, with the requisite particularity, the "place, the time, the

contents of the false misrepresentations, the fact misrepresented, and the

identification of what has been obtained." Id.   Rather, the allegations supporting

the fraud/suppression claim are general and conclusory.  For example, one such

allegation reads "the District Managers and Sales Representatives advertised,

8



marketed, and/or promoted Baycol to prescribing physicians utilizing information

known to fraudulently represent the safety and efficacy of Baycol, and the District

Managers and Sales Representatives failed to warn of the known dangers and

adverse events associated with the use of Baycol." <u>Baldwin</u> Compl. ¶ 17.

Another reads "the District Managers and Sales Representatives called on

physicians . . . at which times they presented fraudulent information . . . " <u>Id.</u> ¶

14. No allegation specifies the specific misrepresentation the individual

defendants made, to whom and under what circumstances.

    4. Amount in Controversy

    In the <u>Baldwin</u> Complaint, Plaintiff Ruby Johnson alleges she suffered

physical and/or mental injuries in the aggregate amount of $74,000. <u>Baldwin</u>

Comp. ¶ 6. Plaintiffs in the <u>Baldwin</u> action thus argue that the remand is

appropriate as the amount in controversy is not met. Defendants respond that

plaintiff Johnson has failed to limit her damages below the jurisdictional amount.

    The Court begins its analysis with the principle that the amount claimed by

Plaintiffs ordinarily controls in determining whether jurisdiction lies in federal

court. <u>Zunamon v. Brown</u>, 418 F.2d 883, 885 (8th Cir. 1969) (citing <u>St. Paul</u>

<u>Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-289 (1938)).

Nonetheless, "the plaintiffs allegations of requisite jurisdictional amount are not

necessarily dispositive of the issue" <u>Id.</u> That is because an allegation in a

9



pleading is not binding. The applicable rules of civil procedure liberally allow the amendment of pleadings. Thus, to prevent removal, a plaintiff must submit a binding stipulation or affidavit, separate from the pleadings, and signed by the plaintiffs agreeing to be so bound. See eg. De Aguilar, 47 F.3d at 1412; In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992); White v. Bank of America, 2001 WL 804517 (N.D. Tex. 2001) (to prevent removal, plaintiff must file with the complaint a binding stipulation or affidavit that limits the scope of their recovery).

The Court finds that based on all claims included in the Complaint, the amount in controversy exceeds $75,000. Specifically, all of the Baldwin plaintiffs have asserted a number of claims arising in tort, contract and statute. Plaintiffs also seek compensatory and punitive damages. Given the breadth of their requests, the amount in controversy easily exceeds $75,000 per plaintiff, including plaintiff Johnson.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for remand are DENIED.

Date: March 25, 2004

/s/ Michael J. Davis
Michael J. Davis
United States District Court

10

