## AFFIDAVIT OF TOM ROPER

**STATE OF ALABAMA** )
                     )
**COUNTY OF JEFFERSON** )

Tom Roper, being first duly sworn on oath, states as follows:

1. I am a resident of Alabama over the age of 21, and I am considered Outside General Counsel of the Municipal Workers Compensation Fund, Inc. ("MWCF"). I am also the President of the third-party administrator of MWCF, known as Millennium Risk Managers, LLC ("Millennium"). Based on a review of MWCF's and Millennium's business records and my experience with both entities over the past Fifteen (15) years, I have personal knowledge of the facts set forth herein, and could testify competently thereto if sworn as a witness.

2. I am familiar with the allegations made in the Complaint filed against Pfizer Inc., Warner-Lambert Company LLC, Parke-Davis, a Division of Warner-Lambert Company and Warner-Lambert Company LLC (collectively "Pfizer"), and David Longmire ("Longmire") in the Circuit Court of Montgomery County, Alabama, on May 12, 2006, which action was removed to the Middle District of Alabama on or about June 13, 2006.

3. I submit this Declaration support of Plaintiffs' Motion to Remand to State Court and testify unequivocally that MWCF firmly believes that Longmire, in his role as a promoter on behalf of Pfizer of off-label uses for Neurontin, committed fraud against MWCF, conspired with Pfizer and others to defraud MWCF and other third-party payers ("TPPs"), private and public, and violated other Alabama laws referenced in the Complaint, including violations of the Alabama Deceptive Trade Practices Act. MWCF did not bring this action against Longmire to prevent diversity jurisdiction.

- 2 -

      4.      When paying claims for prescription drugs, MWCF is entitled to rely on the prescribing physician's representation, until alerted otherwise, that the physician is prescribing prescription drugs legally and without illegal influence from drug companies and/or persons acting on their behalf.  It is not economically feasible for MWCF to investigate the circumstances surrounding each claim for reimbursement or payment for prescription drugs before paying the claim.  MWCF processes an average thousands of claims for prescription drugs each month.  The administrative cost of cross-referencing each prescription drug claim with a diagnosis code, identifying prescriptions for off-label use, and determining whether each such prescription meets the definition of investigational drug would be astronomical.

      5.      When paying claims for Neurontin, MWCF had no reason to believe that physicians prescribing Neurontin for off-label uses were being influenced to do so by Pfizer and Longmire, until learning of the criminal plea in which Pfizer pled guilty to charges that Warner-Lambert had illegally marketed Neurontin for off-label uses through various means, including paying doctors to assist in influencing physicians to prescribe Neurontin for off-label uses for which it was not medically necessary.  Because this information was not made known to MWCF earlier, it paid substantially more for Neurontin than it would have paid, but for Pfizer's illegal marketing and Longmire's success in illegally influencing physicians on Pfizer's behalf.

      Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

      FURTHER AFFIANT SAYETH NOT.

      Executed on July 31, 2006.

*[signature: Tom Roper]*
_____
TOM ROPER
Outside General Counsel
Municipal Workers Compensation Fund, Inc.

SUBSCRIBED AND SWORN TO
before me this __31__ day
of July, 2006.

*[signature: Carla M. Thienpont]*
_____
Notary Public
My commission expires: Feb 17, 2007