IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BLUE CROSS and BLUE SHIELD OF ALABAMA, et al., ) ) ) Plaintiffs, ) ) v. ) ) PFIZER, INC., et al., ) ) Defendants. ) | CIVIL ACTION NO. 2:06-CV-00524-MEF-VPM |

## SUPPLEMENT TO MOTION TO DISMISS OF DEFENDANT DAVID R. LONGMIRE

Comes now defendant David R. Longmire ("Dr. Longmire"), and submits this Supplement to his Motion to Dismiss (Doc. 12) filed on July 28, 2006.

In addition to the reasons stated in the original Motion to Dismiss, the plaintiffs' claims against Dr. Longmire should be dismissed based on the statutes of limitations and repose applicable to medical liability actions set forth in *Ala. Code* § 6-5-482:

> (a)   All actions against physicians . . . or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act . . . .

As the plaintiffs' Reply Brief in Further Support of Motion to Remand (Doc. 13) establishes, the claims against Dr. Longmire appear to constitute a medical liability action against a physician. The plaintiffs contend that Dr. Longmire prescribed and promoted Neurontin "for off-label uses for

1

which it was not medically necessary" as defined by an Agreement with Blue Cross Blue Shield. Reply Brief, p. 23. The phrase "Medically Necessary," as quoted by the plaintiffs at page 21 of the Reply Brief, means

> that the services or supplies provided to the Member be: "(1) appropriate and necessary for the symptoms, diagnosis, or treatment of the Member's medical condition, and (2) provided for the diagnosis or direct care and treatment of the Member's medical condition, and (3) within standards of good medical practice accepted by the organized medical community, and (4) not primarily for the convenience of the Member, the Member's physician, or another provider of health services, and (5) the most appropriate supply or level of service which can safely be provided."

In other words, the plaintiffs appear to be suing Dr. Longmire over his medical judgment and advice, claiming that he breached the standard of care by prescribing and promoting Neurontin for off-label uses. The plaintiffs' claims against Dr. Longmire are therefore exclusively governed by the Alabama Medical Liability Act, *Ala. Code* §§ 6-5-480 *et seq.*, and subject to the AMLA's two-year statute of limitations and four-year statute of repose.

As discussed in the Motion to Dismiss, the claims against Dr. Longmire are based on alleged conduct that occurred at least 10 years ago. The plaintiffs have alleged no conduct by Dr. Longmire that occurred within four years of the filing of the Complaint. As a result, all claims asserted against Dr. Longmire are absolutely and completely barred by the four year rule of repose in *Ala. Code* § 6-5-482 and should be dismissed. *See, e.g.*, *Anderson v. George H. Lanier Memorial Hospital*, 982 F.2d 1513, 1518 (11th Cir. 1993) (all AMLA claims, including fraud, must be brought within four years of alleged wrongful act).

For the reasons stated above and in the original Motion to Dismiss, Dr. Longmire respectfully requests that the Court dismiss him from this action, with prejudice.

Respectfully submitted,


/s/ Charles K. Hamilton
Bruce F. Rogers
Charles K. Hamilton

Attorneys for David R. Longmire

OF COUNSEL:

Bainbridge, Mims, Rogers & Smith, LLP
The Luckie Building, Suite 415
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253
205-879-1100
205-879-4300 (fax)
brogers@bainbridgemims.com
khamilton@bainbridgemims.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of August, 2006, I electronically filed the foregoing **Supplement to Motion to Dismiss** using the CM/ECF system which will send notification of such filing to the following:

Fred M. Haston, III
Brian A. Wahl
Andrew B. Johnson
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

Kimberly Redman West
Wallace, Jordan, Ratliff & Brandt, LLC
Post Office Box 530910
Birmingham, Alabama 35243-0910

Pamela Beard Slate
Slate & Kennedy LLC
166 Commerce Street
Suite 350
Montgomery, Alabama 36104-2560

Josh J. Wright
Hollis & Wright, P.C.
505 North 20th Street
Suite 1750
Birmingham, Alabama 35203

                                                /s/ Charles K. Hamilton
                                                Of Counsel