IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BLUE CROSS AND BLUE SHIELD OF ALABAMA; MUNICIPAL WORKERS COMPENSATION FUND, INC.,**<br><br>     **Plaintiffs,**<br><br> v.<br><br>**PFIZER INC., ET AL.,**<br><br>     **Defendants.** | **CASE NO. 2:06-CV-524-MEF-VPM** |

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS
RELATED TO DEFENDANT LONGMIRE'S MOTION TO DISMISS**

  Come now the Plaintiffs, BlueCross and BlueShield of Alabama ("BCBS Alabama") and Municipal Workers Compensation Fund, Inc. ("MWCF"), and move this Honorable Court to stay further proceedings related to the Motion to Dismiss (Dkt. 12) and the Supplement to Motion to Dismiss (Dkt. 14) (collectively, "Motion to Dismiss") filed by Defendant David R. Longmire ("Longmire") . In support of this Motion, Plaintiffs state as follows:

  1. On June 29, 2006, Plaintiffs timely filed a Motion to Remand to State Court. (Dkt. 4). Plaintiffs request remand on the ground that there is not complete diversity of citizenship of the parties (the only basis on which Defendants removed this case) because, contrary to the assertions made by Defendants in their Notice of Removal, Longmire is not fraudulently joined, nor is it

appropriate to align him with Plaintiffs. Therefore, this Court lacks subject matter jurisdiction over this case.

2.  Defendant Longmire filed his Motion to Dismiss on July 28, 2006 (original) and August 11, 2006 (amendment).

3.  A ruling like that sought by Longmire in his Motion to Dismiss is inappropriate until the Court determines the threshold issue of subject matter jurisdiction. *See Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998) (holding that "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'").

4.  Eleventh Circuit and this Court's precedent also makes clear that a district court should not decide a motion to dismiss in a case until it first determines that it has subject matter jurisdiction. In *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405 (11th Cir. 1993), the 11th Circuit held that it was error to rule on a motion for voluntary dismissal before ruling on remand, stating: "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Id.* at 415. This Court has also recognized that proceedings related to a motion to dismiss should await ruling on a motion to remand. *Adams v. Charter Communications VII, LLC*, 356 F. Supp. 2d 1268, 1270 (M.D. Ala. 2005) (Fuller, C.J.) ("Because the Court finds that this case is due to be remanded, the Court will leave the motion to dismiss for resolution by the Circuit Court . . . after remand."); *Harris v. Beaulieu*, 394 F. Supp. 2d 1348, 1351 (M.D. Ala. 2005) (De Ment, J.) ("The court must determine whether it has removal jurisdiction over this case before entertaining Defendant's motion to dismiss, as a federal

court which lacks subject matter jurisdiction over a removed case does not have jurisdiction to rule on any other pending motion.").

5. Counsel for Plaintiffs have conferred with counsel for Defendants, who do not consent to this motion.

For these reasons, Plaintiffs respectfully request an Order staying all proceedings related to Defendant Longmire's Motion to Dismiss until after this Court's decision on Plaintiffs' Motion to Remand.

Respectfully submitted,

Dated:  August 17, 2006

/s/ Pamela B. Slate
Pamela B. Slate (ASB-8938-A43P)
pslate@slatekennedy.com
SLATE KENNEDY LLC
166 Commerce Street, Suite 350
Montgomery, AL 36104
Telephone:   (334) 262-3300
Facsimile:   (334) 262-3301

Kimberly R. West (ASB-2419-E65K)
kw@wallacejordan.com
WALLACE JORDAN RATLIFF & BRANDT LLC
P.O. Box 530910
Birmingham, AL 35298
Telephone:   (205) 870-0555
Facsimile:   (205) 871-7534

ATTORNEYS FOR PLAINTIFF
BLUECROSS AND BLUESHIELD OF ALABAMA

        Joshua J. Wright (ASB-4891-W51J)
        joshw@hollis-wright.com
        **HOLLIS & WRIGHT, P.C.**
        505 North 20th Street, Suite 1750
        Birmingham, AL 35203
        Telephone:   (205) 324-3600
        Facsimile:    (205) 324-3636

        **ATTORNEY FOR PLAINTIFF**
        **MUNICIPAL WORKERS COMPENSATION FUND, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, August 17, 2006, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Andrew Burns Johnson, Esquire | Bruce F. Rogers, Esquire |
| Brian A. Wahl, Esquire | Charles Keith Hamilton, Esquire |
| Fred M. (Tripp) Haston, III, Esquire | Bainbridge Mims Rogers & Smith |
| Bradley Arant Rose & White LLP | Post Office Box 530886 |
| One Federal Place | Birmingham, Alabama 35253-0886 |
| 1819 Fifth Avenue North | |
| Birmingham, Alabama 35203-2104 | |

                                                /s/ Pamela B. Slate
                                                Pamela B. Slate (ASB-8938-A43P)
                                                pslate@slatekennedy.com
                                                **SLATE KENNEDY LLC**
                                                166 Commerce Street, Suite 350
                                                Montgomery, AL 36104
                                                Telephone:    (334) 262-3300
                                                Facsimile:     (334) 262-3301