# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

August 11, 2006

TO INVOLVED COUNSEL

Re: MDL-1629 -- In re Neurontin Marketing, Sales Practices and Products Liability Litigation

(See Attached CTO-27)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: August 28, 2006** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By /s/ Dana L. Stewart
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 11 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1629

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-27)

On October 26, 2004, the Panel transferred 23 civil actions to the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 342 F.Supp.2d 1350 (J.P.M.L. 2004). Since that time, 154 additional actions have been transferred to the District of Massachusetts. With the consent of that court, all such actions have been assigned to the Honorable Patti B. Saris.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of Massachusetts and assigned to Judge Saris.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Massachusetts for the reasons stated in the order of October 26, 2004, and, with the consent of that court, assigned to the Honorable Patti B. Saris.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Massachusetts. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# SCHEDULE CTO-27 - TAG-ALONG ACTIONS
# DOCKET NO. 1629
# IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

| DIST. DIV. C.A.# | CASE CAPTION |
|---|---|
| **ALABAMA MIDDLE** | |
| ALM 2 06-524 | Blue Cross & Blue Shield of Alabama, et al. v. Pfizer Inc., et al. |
| **CALIFORNIA SOUTHERN** | |
| CAS 3 06-1240 | Jason Morrow, et al. v. Pfizer Inc., et al. |
| **NEW JERSEY** | |
| NJ 2 06-3381 | Sandra Gaudio, et al. v. Pfizer Inc., et al. |
| **NEW YORK SOUTHERN** | |
| NYS 1 06-4136 | Jamie Fenelon, etc. v. Pfizer Inc., et al. |
| NYS 1 06-4285 | Patti Long, etc. v. Pfizer Inc., et al. |
| **TEXAS SOUTHERN** | |
| TXS 7 06-220 | James Michael Burleson v. Pfizer Inc., et al. |
| **WASHINGTON EASTERN** | |
| WAE 2 06-5058 | Joy M. Shaw, etc. v. Pfizer Inc., et al. |

# INVOLVED COUNSEL LIST (CTO-27)
## DOCKET NO. 1629
## IN RE NEURONTIN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Terry P. Abeyta
Abeyta Nelson, P.C.
1102 West Yakima Avenue
Yakima, WA 98902-3029

Kenneth J. Ferguson
Clark, Thomas & Winters
P.O. Box 1148
Austin, TX 78767-1148

Andrew G. Finkelstein
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

Ricardo A. Garcia
Garcia & Karam, L.L.P.
820 S. Main Street
McAllen, TX 78501

Darolyn Yoshie Hamada
Shook, Hardy & Bacon, LLP
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546

John James, Jr.
4486 39th Street
Number 6
San Diego, CA 92116

Andrew Burns Johnson
Bradley, Arant, Rose & White
One Federal Place
1819 Fifth Avenue North
P.O. Box 830709
Birmingham, AL 35203-2119

Jason Morrow
4486 39th Street
Number 6
San Diego, CA 92116

Bruce F. Rogers
Bainbridge, Mims, Rogers & Smith
P.O. Box 530886
Birmingham, AL 35253-0886

Ezra Rosenberg
Dechert LLP
P.O. Box 5218
Princeton, NJ 08543

James P. Rouhandeh
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Pamela B. Slate
Slate, Kennedy LLC
166 Commerce Street
Suite 350
Montgomery, AL 36104

Adam M. Slater
Nagel, Rice & Mazie, LLP
103 Eisenhower Parkway
Roseland, NJ 07068

Thomas M. Sobol
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

Kimberly R. West
Wallace, Jordan, Ratliff & Brandt, L.L.C.
800 Shades Creek Parkway
Suite 400
Birmingham, AL 35209

Joshua J. Wright
Hollis & Wright, PC
Financial Center
505 North 20th Street
Suite 1500
Birmingham, AL 35203

Erik M. Zissu
Davis, Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

**RULE 7.4:** **CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"**

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

**RULE 7.5:** **MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"**

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.